## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 10 2020, 9:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Heather M. Schuh-Ogle
Thomasson, Thomasson, Long &
Guthrie, P.C.
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Bryan L. Ciyou
Alexander N. Moseley
Ciyou and Dixon, P.C.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Valerie (Watts) Padilla, <br> *Appellant-Respondent,* <br><br> v. <br><br> Donald Watts, <br> *Appellee-Petitioner* | September 10, 2020 <br><br> Court of Appeals Case No. <br> 20A-DR-423 <br><br> Appeal from the <br> Jackson Superior Court <br><br> The Honorable <br> Bruce A. MacTavish, Judge <br><br> Trial Court Cause No. <br> 36D02-1203-DR-119 |

**Vaidik, Judge.**

# Case Summary

[1] When Donald Watts ("Husband") and Valerie (Watts) Padilla ("Wife") divorced in 2012, they agreed that Wife would keep the marital home and refinance it into her sole name at "her earliest possible opportunity." When Wife did not do so, Husband filed numerous motions with the trial court. Eventually, in February 2019, the parties agreed that the property would be sold rather than refinanced. But when Wife did not sell the property either, Husband filed more motions with the court. In December 2019, the court issued an order that if Wife didn't sell the property within thirty days, it reserved the right to order an auction of the property. When Wife did not sell the property or file any motions with the court in those thirty days, Husband asked the court to order an auction, which the court did.

[2] Wife now appeals, arguing that the court erred by ordering an auction of the property. Because eight years have now passed since Wife agreed to refinance the property, the parties agreed in February 2019 that the property would be sold instead of refinanced, and the court warned Wife that an auction would be the next step if she did not sell the property, the court did not err when it ordered the property to be sold at an auction when Wife did not sell it. We therefore affirm.

# Facts and Procedural History

[3] Husband and Wife got married in 2006, and Husband filed for divorce in 2012. The parties reached a settlement agreement, which was incorporated into their July 2012 decree of dissolution. According to the agreement:

> The parties own a certain tract of real estate, which has a common address of 810 West 2nd Street, Seymour, Indiana. The legal description of said real estate is incorporated by reference herein. As of the date of the decree, the real estate shall become the sole and individual property of [W]ife. Husband will execute and deliver to [W]ife a Quitclaim Deed, subject to all encumbrances, including mortgages and real estate taxes. Wife will pay all mortgages, taxes, insurance and utilities and hold [H]usband harmless therefrom. **Wife shall refinance the mortgage debt on said real estate [into] her sole name at her earliest possible opportunity[.]**

Appellant's App. Vol. II p. 17 (emphasis added).

[4] About a year later, in June 2013, Husband filed a Petition for Contempt and Affidavit in Support of Rule to Show Cause, alleging that Wife had not refinanced the property. *Id.* at 20. In August 2013, the trial court issued an Order on Rule to Show Cause, ordering Wife to refinance the property within sixty days. *Id.* at 24. The court said if Wife could not refinance the property, Husband could list the property himself. *Id.* at 25.

[5] In November 2013, Husband filed a second Petition for Contempt and Affidavit in Support of Rule to Show Cause, alleging that Wife had not refinanced the property within sixty days as ordered by the court. *Id.* at 26. The following

month, the court issued an Order on Rule to Show Cause, ordering Wife to appear at a hearing in January 2014. After several continuances, the hearing was held in April. Following the hearing, the court ordered Wife to refinance the property within sixty days with her father as co-signor. *Id.* at 30.

[6] There was no activity for four years until May 2018, when Husband filed a third Petition for Contempt and Affidavit in Support of Rule to Show Cause, alleging that Wife had still not refinanced the property as required by the parties' 2012 settlement agreement and the court's previous orders. *Id.* at 31. After several continuances, a hearing was held in February 2019. At this hearing, the parties agreed that the property would be sold instead of refinanced. Tr. Vol. II pp. 4-6. The court ordered Wife to sell the property within ninety days, continued the matter "generally," and said if the parties needed a hearing, it would set one "really quick." *Id.* at 6; *see also* Appellant's App. Vol. II p. 44.

[7] In June 2019, Husband requested a hearing. He alleged that on April 5 the property was listed at $362,500—an amount "grossly higher" than the market value of the home, that on April 30 the listing price was reduced to $235,000, and that on May 19 the listing price was again reduced to $219,900—which was "still higher than comparable homes in the area." Appellee's App. Vol. II pp. 43-44. According to Husband, Wife was "stall[ing]" to prevent the sale of the property and would continue to do so unless the court intervened. *Id.* at 44. The court set a hearing for August 15. Although it's unclear from the record whether

a hearing was held on this date,[1] on August 20 the court ordered Wife to sell the property within sixty days and set a review hearing for October 21. Appellant's App. Vol. II p. 45.

[8] On September 23, Husband filed a fourth Petition for Contempt and Affidavit in Support of Rule to Show Cause. He alleged that when the court issued its August 20 order requiring Wife to sell the property within sixty days, the property was listed; however, Wife had since taken the property off the market and stopped paying the mortgage. *Id.* at 48. The court moved up the October 21 hearing to October 10 to address the matter. *Id.* at 52. At the hearing, Wife's counsel said Wife took the property off the market to make repairs and that the house was back on the market for $225,000 (increased from its previous listing of $179,900). Tr. Vol. II p. 7. Husband's counsel said Husband was tired of playing the "waiting game." *Id.* at 8. The court ordered the property to "remain for sale" and that Wife communicate any offer to Husband. Appellant's App. Vol. II p. 53. The court said if there was an issue regarding the selling price or if an auction needed to be set, it would set a hearing. Tr. Vol. II p. 8.

[9] On November 6, the court, on its own motion, set a review hearing for December 16. Appellant's App. Vol. II p. 54. Although it's unclear from the

---

[1] Wife requested a transcript of this hearing in her notice of appeal. Although the CCS says the August 15 hearing was rescheduled, the August 20 order says a hearing was held on August 15. The table of contents for the transcript says no hearing took place on August 15. *See* Tr. Vol. I p. 2.

record whether a hearing was held on this date,[2] the court issued the following order on December 18:

> The Court orders the parties['] marital residence at 810 West 2nd St, Seymour, IN 47274 sold by [Wife] within 30 days of today's date or the Court reserves the right to select the realtor to handle the sale **or to order the property auctioned off.**

*Id.* at 55 (emphasis added).

[10] On January 20, 2020, Husband filed a Motion for Court Order to Auction Marital Residence. *Id.* at 56. Husband alleged that since the court's December 18 order, Wife had taken the property off the market and relisted it the week of January 13 with a new realtor for $199,000. Husband claimed that Wife was "toying" with him, as she was "attempting to show that she is complying with the Court's Order to attempt to sell the residence, however, after any deadline in this case, [she] discontinues her attempt to sell the residence by removing the home from the real estate market or other means." *Id.* at 57. Because over seven years had passed and Wife had still not refinanced or sold the property, Husband asked the court to order the property to be sold at an auction. On January 22, the court granted Husband's motion and ordered the parties to agree to an auctioneer within seven days. *Id.* at 62. When Wife did not agree to

---

[2] Wife requested a transcript of this hearing in her notice of appeal. However, the CCS is silent as to whether a hearing was held on December 16. In addition, the table of contents for the transcript says no hearing took place on December 16. *See* Tr. Vol. I p. 2.

an auctioneer, Father asked the court to appoint one. The court appointed an auctioneer on February 10.

[11] Wife now appeals the trial court's January 22 and February 10 orders, which have been stayed pending appeal.

# Discussion and Decision

[12] Wife contends that the trial court erred by ordering an auction of the property. Specifically, she argues that the court's order constituted an "improper modification" of the parties' 2012 settlement agreement, which provided that Wife would refinance the property. Appellant's Br. p. 9. The problem with this argument is that the parties themselves agreed at the February 2019 hearing— almost a year before the court ordered the auction—that the property would be sold rather than refinanced. *See* Appellant's Reply Br. p. 5 (Wife admitting she "agreed to a sale of the residence"). In other words, it was the parties, not the court, who modified the 2012 settlement agreement. *See* Ind. Code § 31-15-2-17 (parties may agree to a property settlement but once that agreement is "incorporated and merged into the decree[, it] is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent").

[13] Wife argues that her agreement to the property being sold instead of refinanced did not include auctioning it because "[a]n auction of real estate is significantly different from the sale of real estate" and that therefore the court erred in

ordering the property to be sold at an auction. Appellant's Br. p. 10. We disagree. First, an auction is a sale, so the court's order is ultimately just an enforcement of the parties' own agreement. Second, Husband has been waiting eight years to get his name off the mortgage. After the parties agreed at the February 2019 hearing to modify their 2012 settlement agreement, the court ordered Wife to sell the property on several occasions. Despite being given multiple chances, Wife did not sell the property. Instead, she listed the property above market value and even took it off the market twice. When the court warned Wife in December 2019 that if she didn't sell the property within thirty days it reserved the right to order it to be sold at an auction, Wife did not challenge the court's authority to order an auction or ask for more time. And when those thirty days passed with no word from Wife, Husband asked the court to order an auction, and the court granted Husband's request. Because eight years have now passed since Wife agreed to refinance the property at "her earliest possible opportunity," the parties agreed in February 2019 that the property would be sold instead of refinanced, and the court warned Wife that an auction would be the next step if she did not sell the property, the court did not err when it ordered the property to be sold at an auction when Wife did not sell it.

[14] Wife makes a related argument that the trial court denied her "due process of law" when it ordered the property to be sold at an auction "without the right to be heard." Appellant's Br. p. 7. Wife, however, was given the right to be heard. The court first floated the idea of an auction at the October 10 hearing;

however, Wife voiced no objection to this idea. On December 18, the court ordered that if Wife didn't sell the property within thirty days, it reserved the right to sell the property at an auction. But Wife filed nothing in response to this order, such as alleging that the court did not have the authority to order an auction or requesting more time. Wife had at least thirty days to "be heard" on the issue of an auction but remained silent. There was no due-process violation.

[15] Affirmed.

Bailey, J., and Baker, Sr. J., concur.